IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STANLEY WHITE, CHRISTOPHER SCHLAUER and JENNIFER SCHLAUER,

      Plaintiffs,

v.

GEORGE P. MOOD, MARGARET MOOD and PRO-SPECT INSPECTION SERVICES, INC.

      Defendants.

C.A. No. S18C-02-012 RFS

## ORDER

Submitted: 12/3/2019
Decided: 3/2/2020

Dean A. Campbell, Esq., 110 W. Street, Georgetown, DE 19947, Attorney for Plaintiffs.

Justin P. Callaway, Esq., 222 Delaware Avenue, 11th Floor, Wilmington, DE 19801, Attorney for Defendant Pro-Spect Inspection Services, Inc.

Gary R. Dodge, Esq. 250 Beiser Blvd., Suite 202, Dover, DE 19904, Attorney for Defendants George Mood and Margaret Mood.

## I.  INTRODUCTION

Before the Court is Defendant Pro-Spect Inspection Services, Inc.'s ("Pro-Spect") Motion for Summary Judgment. For the reasons that follow, Pro-Spect's Motion for Summary Judgment is **GRANTED**.

1

## II. FACTUAL AND PROCEDURAL HISTORY

Stanley White ("White"), Christopher Schlauer ("Mr. Schlauer") and Jennifer Schlauer ("Mrs. Schlauer") (collectively, the "Plaintiffs") purchased residential property on June 30, 2017 in Millsboro, Delaware. They allege that the prior owners, George Mood and Margaret Mood, failed to identify defects that needed to be repaired. Plaintiffs allege that the Moods had placed personal property to conceal problematic areas of the home. They also allege that the Moods did not mention any structural or construction problems with the home. Plaintiffs claim that, as a result of the defective construction, the home separated in the middle and the floors and walls have become detached.[1]

Plaintiffs were permitted to perform an inspection and terminate the purchase contract if the inspection revealed any material defects. Prior to closing, Mrs. Schlauer hired Pro-Spect to have an inspection completed. Plaintiffs claim that Pro-Spect completed the inspection and did not mention any structural or construction problems.

Once Plaintiffs moved in, they noticed structural problems with the property. Plaintiffs allege that an investigation by Pro-Spect's agent indicated that the inspector had failed to report the missing foundation to support an addition completed by the prior owners.[2] Plaintiffs allege that the construction constitutes a violation of the Sussex County Building Code and Department of Housing and Urban Development regulations. To correct the problem, the costs are in excess of $40,000. Plaintiffs have brought suit against George Mood, Margaret Mood and Pro-Spect.

Plaintiffs have raised the following counts in the complaint: (1) Breach of Contract by the Moods, (2) Fraud, or intentional or negligent misrepresentation, against the Moods, (3) Breach of

---

[1] The Moods are not part of this motion; therefore, the Court will discuss only the facts pertinent to Pro-Spect's motion.

[2] The prior owner's contractor had attached an addition to the side of the home rather than providing a separate support system. Pl.'s Answ. ¶ 2.

2

Contract against Pro-Spect, and (4) Negligence of Pro-Spect. Pro-Spect has filed a Motion for Summary Judgment asking this Court to grant summary judgment on the breach of contract claim and the negligence claim against it.

### III. PARTIES' CONTENTIONS

Pro-Spect raises three grounds in support of its motion.

Pro-Spect argues that summary judgment is warranted because the economic loss doctrine requires the tort claims to be dismissed. Because Mrs. Schlauer had a contract with Pro-Spect and her claims arise from an alleged breach of those contractual obligations, Pro-Spect requests that Mrs. Schlauer's negligence claim be dismissed. Pro-Spect argues that there is a written contract which only Mrs. Schlauer signed and that contract specifically stated that the inspection was prepared solely for Mrs. Schlauer.   Pro-Spect argues that it did not accept responsibility for use by third parties and the negligence claim by White and Mr. Schlauer should be dismissed.

Pro-Spect also seeks summary judgment based upon the limitation of damages clause in the inspection contract. Pro-Spect contends that the clause limits the damages to the fee paid and the clause should be held as valid and enforceable. The contract is approximately one page long and the limitation of damages clause is bolded and capitalized. The clause, in relevant part, provides that Pro-Spect's liability "shall be limited to liquidated damages in an amount equal to the fee paid to the company, and this liability shall be exclusive."[3] Pro-Spect argues that the clause is unambiguous and Mrs. Schlauer did not question its contents.

Lastly, Pro-Spect argues that Plaintiffs have failed to present evidence as to the standard of care applicable to Pro-Spect because they failed to identify a liability expert. Pro-Spect argues

---

[3] Def.'s Mot. Ex. A.

3

that it is recognized in Delaware that expert testimony is required to establish the standard applicable to home inspectors. Pro-Spect claims that Plaintiffs' failure to identify a liability expert warrants dismissal.

Plaintiffs oppose Pro-Spect's motion, arguing that summary judgment is not warranted because there are material facts in dispute. With regard to Pro-Spect's argument that the Economic Loss Doctrine precludes recovery, Plaintiffs argue that an exception to the doctrine applies. The exception, set forth in the Restatement (Second) of Torts, applies when defendants supply information to an individual for use in business transactions with third parties and the defendant is in the business of supplying such information. Plaintiffs claim that privity of contract is not required when information is being supplied to one person who is a member of a limited group. Here, Plaintiffs contend that Pro-Spect was aware that Mrs. Schlauer was calling for other buyers.

Plaintiffs dispute Pro-Spect's limitation of damages clause, claiming that the clause is a "liquidated damages" clause and the clause does not acknowledge that the damages are reasonable and Mrs. Schlauer did not understand the legal implications. Plaintiffs contend that Mrs. Schlauer did not understand the legality of the clause and her confusion is evident from her deposition. In addition, Plaintiffs also claim that the clause is unconscionable and creates an illusory contract; therefore, this Court should not enforce it.

Plaintiffs argue that they identified Dominic Drummond ("Drummond"), a general contractor sent to investigate Plaintiffs' complaint. They contend that home inspectors are not required to have scientific skills and the skills and knowledge which may be discussed overlap with the knowledge of a general contractor. Moreover, they argue that Pro-Spect failed to report a violation of the building regulations and a general contractor can speak to the requirements of

4

the local building code. Plaintiffs contend that the trier of fact, as lay persons, could make a finding on the failure to report the lack of structural support after reading the contract and standards. Plaintiffs assert that the jury is not being asked to make a determination about the adequacy of the support but instead, whether the absence of support should have been reported by Pro-Spect. Plaintiffs also allege that Pro-Spect admitted liability to both the breach of contract and negligence claims.[4]

## IV. STANDARD OF REVIEW

Under Superior Court Civil Rule 56(c), a party is entitled to summary judgment if the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[5] The party moving for summary judgment bears the initial burden of showing no material issues of fact are present.[6] When a moving party meets her initial burden of showing that no material issues of fact exist, the burden shifts to the nonmoving party to show that such issues do exist.[7] The facts must be viewed in a light favorable to the non-moving party.[8]

## V. DISCUSSION

The Court will address each of Pro-Spect's arguments individually.

First, Pro-Spect argues Mr. Schlauer and White are not parties to the contract and therefore, the breach of contract claim, along with their tort claim, must be dismissed as to them. "It is well established in Delaware that only parties to a contract may be liable for breach of that particular contract."[9] "To seek recovery as a third-party beneficiary, the contracting parties "must

---

[4] In their response, Plaintiffs allege that Drummond was present during the alleged admissions and will testify that Pro-Spect's agents admitted that the inspector missed the structural problem. Pl.'s Answ. ¶ 7.
[5] Super. Ct. Civ. R. 56(c).
[6] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[7] Super. Ct. Civ. R. 56(c).
[8] *Guardian Const. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1381 (Del. Super. Ct. 1990).
[9] *B&B Fin. Servs., LLC v. RFGV Festivals, LLC*, 2019 WL 5849770, at *3 (Del. Super. Ct. Nov. 7, 2019).

5

have intended to confer a benefit on the third-party, and the beneficial effect.... should be a material part of the contract's purpose."[10]

To support its argument, Pro-Spect relies on *Donnelly v. Fannie Mae*.[11] The court in *Donnelly* determined that the home inspector did not fall within the exception because they did not provide information for use in transactions with third parties. The court added that the contract explicitly stated that inspection was only for the use of the seller.[12] Similar to *Donnelly*, the contract in the present case provides that the "inspection and report are performed and prepared for the use of client....company accepts no responsibility for use or misinterpretation by third parties."[13] Mrs. Schlauer is the only name that appears on the contract with Pro-Spect and the contract makes clear that the inspection was solely for Mrs. Schlauer. Thus, Schlauer and White's breaching contract claims are dismissed.

Pro-Spect also argues that summary judgment as to the negligence claim is warranted upon application of the economic loss doctrine. "The economic loss doctrine bars recovery where injured third parties not in privity of contract sustain purely economic damages that arise out of the negligent performance of a contractual duty."[14] For Mr. Schlauer and White to assert a claim for negligence, they would need to establish that Pro-Spect owed them a duty arising out of the inspection contract. As discussed above, Mr. Schlauer and White were not in privity of contract.

Plaintiffs, however, argue that an exception applies to their claims. The Restatement (Second) of Torts Section 552, which Delaware has adopted, provides an exception to the

---

[10] *Donnelly v. Fannie Mae*, 2015 WL 6739163, at *3 (Del. Com. Pls. Nov. 3, 2015).
[11] *Id.*
[12] *Id.* at *3.
[13] Def.'s Mot. Ex. A.
[14] *Donnelly*, 2015 WL 6739163, at *2.

economic loss doctrine.[15] The Restatement (Second) of Torts Section 552 provides, in pertinent part:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.[16]

For a plaintiff to use this exception, he or she must demonstrate: (1) that the obligor, by failing to exercise reasonable care, supplied false information to the obligee for use in business transactions with third parties; (2) that the obligor is in the business of supplying such information; and (3) that the third-party justifiably relied on the information.[17]

Pro-Spect, relying on *Donnelly v. Fannie Mae.*, argues that a home inspector does not fall within the exception because a home inspection does not provide information for use in transactions with third parties. [18] The court in *Donnelly* determined that the home inspector did not fall within the exception because the contract explicitly stated that the inspection was only for the use of the client.[19] Similar to *Donnelly*, the contract in the present case provides that the "inspection and report are performed and prepared for the use of client….company accepts no responsibility for use or misinterpretation by third parties."[20] Mrs. Schlauer is the only name that appears on the contract with Pro-Spect. The contract makes clear that the inspection was solely for Mrs. Schlauer. Section 552 does not apply to the case at hand. The

---

[15] *Guardian Constr. Co.,* 583 A.2d at 1386.
[16] Restatement (Second) of Torts § 552 (1977).
[17] *Donnelly*, 2015 WL 6739163, at *2.
[18] *Id.*
[19] *Id.* at *3.
[20] Def.'s Mot. Ex. A.

negligence claims, as they relate to Mr. Schlauer and White, are barred by the economic loss doctrine and, therefore, dismissed.

Pro-Spect also argues that Mrs. Schlauer, as a party to a written contract with Pro-Spect, should be barred from bringing the negligence claim. "The economic loss doctrine was adopted to prohibit a plaintiff from bringing a tort claim 'where overlapping claims based in contract adequately address the injury alleged.'"[21] The loss must be accompanied by bodily harm or property damage.[22]

Mrs. Schlauer's tort claim alleges that Pro-Spect breached its duty by failing to report the structural defects. Likewise, her breach of contract claim alleges that Pro-Spect breached the contract by failing to properly perform the inspection and discover or report the defect. Mrs. Schlauer's claims are based entirely on the contractual rights and obligations under the inspection contract. Plaintiff has not claimed breach of a duty by Pro-Spect independent of the contractual obligations, therefore, the negligence claim is dismissed as to her.[23]

Pro-Spect argues that, even if there is a breach of contract, Plaintiffs' damages are limited to the limitation of damages clause. The limitation provides:

> Company assumes no liability for the cost of repair or replacement of unreported defects or deficiencies either current or arising in the future. Client acknowledges that the liability of company, its agents, employees, for claims or damages, costs of defense or suit, attorney's fees and expenses and payments arising out of or related to the company's negligence or breach of any obligation under this agreement, including errors and omissions in the inspection or the report, shall be limited to liquidated damages in an amount equal to the fee paid to the company, and this liability shall be exclusive.[24]

---

[21] *Khushaim v. Tullow Inc.*, 2016 WL 3594752, at *4 (Del. Super. Ct. June 27, 2016) (quoting *Brasby v. Morris*, 2007 WL 949485, *6 (Del.Super.Ct. Mar. 29, 2007)).

[22] *Millsboro Fire Co. v. Constr. Mgmt. Servs., Inc.*, 2006 WL 1867705, at *2 (Del. Super. Ct. June 7, 2006).

[23] *See McKenna v. Terminex Int'l Co.*, 2006 WL 1229674, at *3 (Del. Super. Ct. Mar. 13, 2006).

[24] Def.'s Mot. Ex. A ¶ 4.

This clause is in capitalized, bold print. The parties make multiple arguments as to why or why not this clause should be enforced. However, they do agree on the standard to be applied. "Liquidated damages clauses and clauses limiting liability are enforceable in Delaware when damages are uncertain and the amount agreed upon is reasonable. However, if the amount of damages is easily ascertainable or the amount fixed is either excessive or grossly inadequate, then the clause is void."[25]

Whether the damages were easily ascertainable is determined at the time of contracting. In *Iavarone v. Eagle Eye Home Inspections, LLC*, a recent Superior Court opinion, the court reasoned that there are a wide range of problems that can give rise to damages with home inspectors, therefore damages were uncertain at the time the parties entered into the contract.[26] The court also reasoned that the inspection company could have charged substantially more than the $375.00 fee if the company's liability was not limited.[27]

Pro-Spect argues that this case is analogous to *Iavarone*. The wide range of damages attributable to home inspectors makes the damages at the time of contracting uncertain. Also, like the available damages in *Iavarone*, the parties contracted to limit damages to the cost of the inspection – $369.00. Had Pro-Spect expected its liability to exceed that of the contract, Pro-Spect would have charged substantially more.[28]

The court found the limitations clause in *Iavarone* valid. Plaintiffs argue that this case is different and the limitations clause in the Pro-Spect contract should be held invalid. Plaintiffs

---

[25] *D'Aguiar v. Heisler*, 2011 WL 6951847, at *12 (Del. Com. Pls. Dec. 15, 2011).

[26] 2019 WL 5692265, at *2 (Del. Super. Ct. Nov. 4, 2019).

[27] *Id.*

[28] *See id. See also D'Aguiar*, 2011 WL 6951847, at *13 ("Given the myriad of problems often discovered or not discovered by home inspectors and their wildly varying costs of repair, BHI would have charged Mr. D'Aguiar substantially more than $405.00 for the pre-sale home inspection of a $315,000.00 home had it expected that its liability was not limited by the contract.").

argue that the contract in *Iavarone* specifically excluded the performance of a particular test.[29] This, however, does not make the decision in *Iavarone* inapplicable. Like the contract in *Iavarone*, the limitation clause in Pro-Spect's contract was conspicuous. The font is capitalized and bold. The plain language of the limitations make clear that Pro-Spect would not be liable for "errors and omissions in the inspection or the report."[30] Plaintiffs are bringing this claim against Pro-Spect because of their failure to report the structural deficiency.

The contract into which the parties entered makes clear that Pro-Spect's liability, including that for errors or omissions in the inspection and report, would be limited to the fee paid. In this case, the fee paid was $369.00. The terms of the limitations of damages clause are reasonable and enforceable; therefore, Plaintiffs' recovery from Pro-Spect is limited to $369.00.

Lastly, Pro-Spect argues that the Plaintiffs have not presented a prima facie case because they failed to produce evidence as to the applicable standard of care. "As a general rule the standard of care applicable to a professional can only be established by way of expert testimony."[31] "When 'the matter in issue is one within the knowledge of experts only and not within the common knowledge of laymen, it is necessary for the plaintiff to introduce expert testimony in order to establish a prima facie case.'"[32] This Court must decide whether expert testimony is required to establish a prima facie case that Pro-Spect, a home inspector, breached its standard of care.

Plaintiffs argue that they named Drummond who can speak to the requirements of the local building code. In addition, they argue Drummond can speak to how the problem of the

---

[29] The contract in *Eagle Eye*, specifically provided that it did not include a test on stucco, which was what the issue was in that case. *Iavarone*, 2019 WL 5692265, at *1.

[30] Def.'s Mot. Ex. A.

[31] *Seiler v. Levitz Furniture Co. of E. Region, Inc.*, 367 A.2d 999, 1008 (Del. 1976).

[32] *Vohrer v. Kinnikin*, 2014 WL 1203270, at *3 (Del. Super. Ct. Feb. 26, 2014) (citing *Abegglan v. Berry Refrigeration Co.*, 2005 WL 6778336, at *2 (Del.Super.Dec. 2, 2005)).

nonexistent support was obvious to him – something an average juror could determine. Plaintiffs claim that the jury does not need to make a determination about the adequacy of the structural support, but whether the inspector should have reported the absence of the support. However, when the standard of care is higher than the local standard of care, expert testimony also may be required.[33]

Plaintiffs argue that Pro-Spect incorrectly characterizes a home inspector as a professional. "A 'professional' is one who possesses a certain skill or other specialized knowledge that the average lay juror does not possess."[34] Here, Pro-Spect claims that Delaware law requires home inspectors to undergo training and pass various examinations to obtain their license. Though Drummond can speak to the requirements of the building code, Drummond cannot speak to the expectations of a home inspector. Moreover, Pro-Spect contends that home inspectors are not required to identify building code violations; thus, Drummond's knowledge would be irrelevant.[35]

A trial judge "must decide if the expert's testimony 'has a reliable basis in the knowledge and experience of [the relevant] discipline.'"[36] In *Vohrer v. Kinnikin*, the court concluded that a property manager, whose duties included arranging and directing repair work, was not a professional in the sense that they were held to an elevated standard of care.[37] The court reasoned that Kinnikin did not receive any specialized training in order to work as an apartment maintenance worker and, as a result of that determination, expert testimony was not required to

---

[33] *Vandiest v. Santiago*, 2004 WL 3030014, at *7 (Del. Super. Ct. Dec. 9, 2004).
[34] *Vohrer*, 2014 WL 1203270, at *3.
[35] The Pro-Spect contract expressly provides that the inspector will not test for compliance with applicable building codes. Def.'s Mot. Ex. A.
[36] *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 522–23 (Del. 1999) (citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149, 119 S. Ct. 1167 (1999)).
[37] 2014 WL 1203270, at *3.

establish the standard of care applicable to Kinnikin.[38] Unlike the defendant in *Vohrer*, home inspectors are required, by Delaware law, to undergo specialized training and continue their education to maintain their licenses. Therefore, Plaintiffs have not identified an expert that, with similar specialized training and knowledge, can speak to the applicable standard.

The Court must determine whether Plaintiffs' failure to get a liability expert requires dismissal of the claims against Pro-Spect."[E]xpert testimony is only necessary if it will assist the trier of fact, and there is no requirement of expert testimony in every case."[39] An exception exists "when the professional's mistake is so apparent that a layman, exercising his common sense is perfectly competent to determine whether there was negligence."[40] Plaintiffs assert that lay persons, after reading the standards and the contract, can recognize the failure to report the lack of structural support. They argue that the trier of fact could exercise common sense to make a determination.

Where the facts of a case are within common knowledge of a lay juror, expert testimony will not be required.[41] In *Hazel v. Delaware Supermarkets, Inc.*, the Court held that the plaintiff made a prima facie case even though they did not provide a liability expert.[42] The plaintiff in *Hazel* alleged that the defendant grocery store was negligent because there was water on the floor. The Court reasoned that "it is within the common knowledge of a lay jury whether water on the floor, in the aisle of a public grocery store, creates an unsafe condition."[43] Like in *Hazel*, the court in *Brown v. Dollar Tree Stores, Inc.*, determined that expert testimony was not

---

[38] *Id.*
[39] *Brown v. Dollar Tree Stores, Inc.*, 2009 WL 5177162, at *3 (Del. Super. Ct. Dec. 9, 2009).
[40] *Abegglan v. Berry Refrigeration Co.*, 2005 WL 6778336, at *2 (Del. Super. Ct. Dec. 2, 2005) (citing *Weaver v. Lukoff*, 511 A.2d 1044 (Del. 1986)).
[41] *Roberts v. Daystar Sills, Inc.*, 2008 WL 8203205, at *2 (Del. Super. Ct. Dec. 8, 2008).
[42] 953 A.2d 705, 710 (Del. 2008).
[43] *Id.*

necessary to prevail in a negligence action.[44] In *Brown*, the case involved the design of a mop. The court reasoned that a mop is "a product that most if not all jurors have undoubtedly either owned or used."[45] Similarly, the court in *Donovan v. Wawa, Inc.* found no need for an expert where a plaintiff alleged injury resulting from a splattered hoagie in the parking lot. The court reasoned that a "lay jury has common knowledge of what conditions are expected and reasonable in a convenience store parking lot."[46] However, the court stated that expert testimony would be required for plaintiff's allegation that the defendant was negligent by failing to maintain the premises up to the applicable codes and regulations.[47]

In contrast, the court in *Abegglan v. Berry Refrigeration Co.* held that expert testimony was required because the jury would need to determine if a repairman's actions, in repairing an ice machine, fell below the standard of care and caused the ceiling tile to fall.[48] The Court found that a lay jury is not familiar with the proper procedures for repairing an ice machine.[49] Similarly, the court in *Roberts v. Daystar Sills, Inc.* granted defendant's motion, determining that an expert was required to explain the routine practices and acceptable conditions at a closed construction site.[50] "A lay jury has common knowledge of what conditions are expected and reasonable in a grocery store or when walking down a residential street but the determination of what conditions are expected and reasonable at a closed construction site requires specialized knowledge."[51] The court reasoned that the "jury would be left to speculate as to the standard of care."[52]

---

[44] *Brown v. Dollar Tree Stores, Inc.*, *supra*, at *2.
[45] *Id.* at *4.
[46] *Donovan v. Wawa, Inc.*, 2017 WL 4675755, at *3 (Del. Super. Ct. Oct. 17, 2017).
[47] *Id.* (The court stated that such knowledge is "outside the common knowledge of the lay jury").
[48] 2005 WL 6778336 at *3 (Del. Super. Dec. 2, 2005).
[49] *Id.*
[50] *Roberts v. Daystar Sills, Inc.*, 2008 WL 8203205, at *3 (Del. Super. Ct. Dec. 8, 2008).
[51] *Id.*
[52] *Id.*

The present case is more analogous to *Roberts* and *Abegglan*. Unlike a grocery store or a parking lot, a lay jury is unlikely to have a lot of experience with home inspections and the applicable standards. As the court in *Donovan* stated, where it is alleged that the defendant is not operating at the standards of the applicable codes and regulations, an expert will be required. The Plaintiffs are alleging that Pro-Spect failed to abide by the standards and codes for home inspectors. They assert that Pro-Spect failed to properly perform the inspection, resulting in a breach of the contract.[53] Such information is outside of the common knowledge of a lay person. Therefore, an expert would be required. Plaintiffs have not provided a liability expert, so, as a result, Plaintiffs' claims are dismissed.

## VI. CONCLUSION

Considering the foregoing, Pro-Spect's Motion for Summary Judgment is **GRANTED.**
**IT IS SO ORDERED.**

Richard F. Stokes, Judge

---

[53] *See Oster v. Clemow*, 2011 WL 3849669, at *4 (Del. Com. Pls. Aug. 8, 2011) (The court stated: "Plaintiff did not present expert witness testimony under Delaware Rule of Evidence 702. Because no competent evidence was presented on whether Defendant failed to install the doors in a good and workmanlike manner, Plaintiff failed to establish that Defendant breached any contractual obligation owed to Plaintiff.")